# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID R. PADDISON,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2109** |
| **RICHARD M. PADDISON, JR., ET AL.**<br>    Defendants | **SECTION: "E"(5)** |

## ORDER AND REASONS

Before the Court is a motion to remand this case to the 22nd Judicial Court for the Parish of St. Tammany, filed by Plaintiff David R. Paddison.[1] The motion is opposed.[2] For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

According to the state court petition, Plaintiff David R. Paddison and Defendant Richard M. Paddison, Jr., are siblings and the sole members of Defendant Paddison Scenic Properties, LC ("PSP").[3] PSP is an Idaho limited liability company with its principal place of business in Louisiana.[4] PSP owns real property in Idaho, and its only business is to own and administer that property.[5]

On October 3, 2018, Richard M. Paddison, Jr. filed a complaint against David R. Paddison and PSP in the District Court of the Second Judicial District for the State of Idaho, seeking dissolution of PSP.[6] In his complaint in the Idaho litigation, Richard M.

---

[1] R. Doc. 9.
[2] R. Doc. 13.
[3] R. Doc. 1-1 at 15, ¶ IX.
[4] *Id.* at 14, ¶ II.
[5] *Id.* at 15, ¶¶ XII, XIII.
[6] R. Doc. 9-3.

1

Paddison, Jr., represented he is a Louisiana resident,[7] and he attached a sworn affidavit, signed on October 1, 2018, stating the contents of the Complaint were true.[8]

On November 20, 2018, David R. Paddison filed the instant suit in the 22nd Judicial Court for the Parish of St. Tammany.[9] He named as Defendants Richard M. Paddison, Jr. and PSP and seeks injunctive relief against Richard M. Paddison, Jr.[10] On March 6, 2019, Richard M. Paddison, Jr., removed this matter to this Court.[11] He represents he is a citizen of Idaho and invokes the Court's diversity jurisdiction.[12] He also represents PSP was dissolved on December 31, 2018, pursuant to its Operating Agreement.[13]

On March 12, 2019, David R. Paddison filed the instant motion to remand this case to state court.[14] On March 13, 2019, this Court ordered that, in his opposition to the motion, Richard M. Paddison, Jr., address whether PSP is an existing LLC and whether PSP is a real party in interest or merely a nominal party, the citizenship of which need not be considered.[15] On March 26, 2019, Richard M. Paddison, Jr., filed his opposition.[16] He attaches an affidavit labeled "unsworn declaration" and dated March 26, 2019, in which he asserts he is a citizen of Idaho who moved from Louisiana to Idaho in 2018.[17]

---

[7] *Id.* at 1, ¶ 1.1.
[8] *Id.* at 5.
[9] R. Doc. 1-1 at 14.
[10] *Id.*
[11] R. Doc. 1.
[12] *Id.* at 2, ¶ 5; 3, ¶ 8.
[13] *Id.* at 2, ¶ 6.
[14] R. Doc. 9.
[15] R. Doc. 11.
[16] R. Doc. 13.
[17] R. Doc. 13-1 at 1, ¶ 1.

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction and possess only the authority conferred upon them by the United States Constitution or by Congress.[18] Federal law allows for state civil suits to be removed to federal courts in certain instances. Generally, removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides:

> Except as otherwise expressly provided by [an] Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.[19]

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper."[20] "In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or formal parties who have no real interest in the dispute before the court may be disregarded, even though they may be required by law or court order to join in the lawsuit."[21] "The jurisdictional facts supporting removal are examined as of the time of removal."[22]

**ANALYSIS**

**I. Citizenship of Richard M. Paddison, Jr.**

The Fifth Circuit has explained the citizenship requirement of § 1332 as follows:

> To be a citizen of a State within the meaning of section 1332, a natural person must be both a citizen of the United States, and a domiciliary of that State. For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. A change of domicile may be effected only by a

---

[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[19] 28 U.S.C. § 1441(a).
[20] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[21] *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985) (citations omitted).
[22] *Poche v. Eagle, Inc.*, No. 15-5436, 2015 WL 7015575, at *2 (E.D. La. Nov. 10, 2015) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000)).

combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there.[23]

When determining domicile, the Court may take into account "current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes."[24]

"When jurisdiction has been challenged, a mere allegation of citizenship is insufficient to prove jurisdiction."[25] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties. The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."[26]

Richard M. Paddison, Jr.'s affidavit of October 1, 2018 attests he is a Louisiana resident.[27] In the Notice of Removal, filed on March 6, 2019, he alleges he is a citizen of Idaho and states the address of his Idaho residence.[28] His declaration of March 26, 2019 attests that (1) he is an Idaho citizen; (2) he resides in Idaho; (3) although he still owns his prior residence in Louisiana, he has given up his homestead exemption and is renting the property to third parties; (4) he moved his household belongings to Idaho in 2018; (5) he is registered to vote in Idaho; and (6) he has an Idaho driver's license.[29] David R.

---

[23] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations, internal quotation marks, and internal ellipsis omitted).
[24] *Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D. La. 1984).
[25] *Guerrero v. State Farm Mut. Auto. Ins. Co.*, 181 F.3d 97 (5th Cir. 1999) (citing *Welsh v. American Surety Co.,* 186 F.2d 16, 17 (5th Cir.1951)).
[26] *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).
[27] R. Doc. 9-3 at 1, ¶ 1; 5.
[28] R. Doc. 1 at 2, ¶ 5; 4, ¶ 14.
[29] R. Doc. 13-1 at 1, ¶ 1.

Paddison has not submitted affidavits or testimony showing Richard M. Paddison, Jr., did not move to Idaho in 2018 or that he was still a Louisiana citizen on March 6, 2019. The Court finds Richard M. Paddison, Jr., has met his burden of showing that he is an Idaho citizen.

**II. Citizenship of PSP**

Citizenship of a limited liability company is determined not by the company's state of incorporation or its principal place of business, but rather the citizenship of all of the limited liability company's members.[30] The sole members of PSP are David R. Paddison and Richard M. Paddison, Jr.[31] For purposes of diversity jurisdiction, PSP is a citizen of Louisiana and Idaho. As a result, if Defendant PSP's citizenship is considered for purposes of diversity jurisdiction, the parties are not completely diverse because Plaintiff David R. Paddison is a Louisiana citizen and PSP is a citizen of Louisiana and Idaho.

Richard M. Paddison, Jr., argues this Court should disregard PSP's citizenship because (1) he intends to file a motion to dismiss PSP, (2) PSP has been dissolved, and (3) PSP is a nominal party.[32] Whether Richard M. Paddison, Jr. intends to file a motion to dismiss PSP is irrelevant, as the jurisdictional facts must be determined at the time of removal.[33]

With respect to whether PSP is an existing entity, Richard M. Paddison, Jr., attaches to his Notice of Removal PSP's Operating Agreement, under which PSP was established for a term to expire on December 31, 2018, on which date it was to be

---

[30] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080–81 (5th Cir. 2008).
[31] *Id.* at 2–3, ¶¶ 6, 7.
[32] R. Doc. 13 at 3, ¶ 7.
[33] On March 28, 2019, Richard M. Paddison, Jr. filed a motion to dismiss PSP. R. Doc. 17. The Court notes the motion was filed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for failure to serve PSP. *Id.* Richard M. Paddison, Jr., does not argue in that motion that PSP was improperly joined or is not a real party in interest.

dissolved.³⁴ He also alleges that the ongoing litigation in Idaho state court "seeks dissolution and winding up" of PSP.³⁵ However, the website of the Idaho Secretary of State's Office states, as of April 5, 2019, that PSP is an active, existing limited liability company.³⁶ In its Order of March 13, 2019, the Court took judicial notice of the website of the Idaho Secretary of State's Office and ordered Richard M. Paddison, Jr., to address whether PSP was an existing entity at the time of removal.³⁷ In his opposition to the instant motion, Richard M. Paddison, Jr., merely restates that PSP has been dissolved.³⁸ To the extent he argues that the Court should disregard PSP's citizenship because PSP has been dissolved, Richard M. Paddison, Jr., has failed to meet his burden of proof.

The Court turns to whether PSP is a nominal party. "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."³⁹ In *Wolff v. Wolff*, a partner in a partnership filed an action against the other partner and against the partnership, "reciting that the partnership had been dissolved on his earlier demand and seeking an accounting and a declaration that, as a partner, [the plaintiff] own[ed] a half interest in certain real estate."⁴⁰ The Fifth Circuit held the partnership was not a real party in interest in the case because the "complaint did not seek to have title to the property conveyed" to it.⁴¹ Rather, the partnership was "joined solely for the purpose of performing any ministerial acts required for the final dissolution and winding up of the partnership."

---

³⁴ R. Doc. 1 at 2, ¶ 6; R. Doc. 1-1 at 56, ¶ 2.5; 67, ¶ 13.1.1.
³⁵ R. Doc. 1 at 1, ¶ 2.
³⁶ ONLINE BUSINESS SERVICES, IDAHO SECRETARY OF STATE, https://sosbiz.idaho.gov/search/business (last visited Apr. 5, 2019).
³⁷ R. Doc. 11 at 3.
³⁸ R. Doc. 13 at 3, 4.
³⁹ *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (citations omitted).
⁴⁰ 768 F.2d at 644.
⁴¹ *Id.* at 646.

In this case, the state court petition states PSP is a party needed for just adjudication of his claim and alleges Richard M. Paddison, Jr., breached his fiduciary duty to PSP.[42] However, the petition does not seek relief from PSP.[43] The Court finds PSP, like the partnership in *Wolff*, was joined solely for the purpose of performing ministerial duties and that it is not a real party in interest to the controversy. As a result, the Court does not consider PSP's citizenship.

The Court has found Removing Defendant Richard M. Paddison, Jr., has established he is a citizen of Idaho. Because the Court ignores PSP's citizenship, the requirement of complete diversity of citizenship is satisfied.

### III. Amount-in-Controversy Requirement

"[T]he removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000."[44] "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.'"[45]

In this case, Plaintiff David R. Paddison seeks only injunctive relief, not damages.[46] As part of the injunctive relief sought in this case, David R. Paddison seeks to enjoin Richard M. Paddison, Jr., from "[s]elling, conveying, mortgaging, pledging, leasing,

---

[42] R. Doc. 1-1 at 14, ¶ 2; 17, ¶ XXV.
[43] *Id.* at 17–19. In its Order of March 13, 2019, the Court ordered Richard M. Paddison, Jr., to address in his opposition to the instant motion "whether PSP is a real party in interest in this case, or whether it is merely a nominal or formal party." R. Doc. 11 at 3. In response, Richard M. Paddison, Jr., merely states PSP is a nominal party. R. Doc. 11 at 3.
[44] *Gebbia*, 233 F.3d at 882.
[45] *Simon v. Wal–Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir.1999) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999)).
[46] R. Doc. 1-1 at 17–19, ¶ XXVIII–XXIX.

exchanging and otherwise disposing of the property,"[47] which refers to "certain immovable property located in Lowell, Idaho" owned by PSP.[48] "In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation," which is "the value of the right to be protected or the extent of the injury to be prevented."[49] "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[50]

To determine whether Removing Defendant Richard M. Paddison, Jr., has established that the amount-in-controversy requirement is met, the Court first considers the allegations in the state court petition. The petition alleges only that PSP owns "certain immovable property in Lowell, Idaho."[51] The petition does not describe the property at issue or specify whether the petition deals with all of PSP's property. It is not facially apparent from the petition what property is at issue or whether the value of the property exceeds $75,000.

The Court turns to the evidence Richard M. Paddison, Jr., has provided regarding the value of PSP's property in Lowell, Idaho. In his affidavit, Richard M. Paddison, Jr., describes the properties involved as two parcels "located along the Selway River" and "a 1.5-acre parcel located along the Lochsa River."[52] It is unclear whether these three parcels are the same property as the "immovable property in Lowell, Idaho" mentioned in the petition.[53] In his affidavit, Richard M. Paddison, Jr., attests that (1) PSP's three parcels

---

[47] *Id.*
[48] *Id.* at 15, ¶ XII.
[49] *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).
[50] *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961); *see also Zitzevancih v. Bank of New York Mellon Tr. Co., N.A.*, No. 4:13-CV-160-Y, 2013 WL 12125987, at *2 (N.D. Tex. July 16, 2013) (collecting cases).
[51] R. Doc. 1-1 at 15, ¶ XII.
[52] R. Doc. 13-1 at 2, ¶ 9.
[53] R. Doc. 1-1 at 15, ¶ XII.

are scheduled to be appraised and (2) he anticipates the appraised value of the property to exceed substantially $75,000, based on his "knowledge of the real property involved and a sale of a lot by [his] sister." The Court finds this declaration insufficient to ascertain whether the value of the property mentioned in the petition exceeds $75,000. Richard M. Paddison, Jr., has not met his burden of showing the value of the right to be protected in this case exceeds $75,000.

Richard M. Paddison, Jr., has not met his burden of showing the value of any potential award to David R. Paddison exceeds $75,000. David R. Paddison attaches a stipulation that "he will not seek or accept an award in excess of $74,999.99, inclusive of punitive damages, attorney's fees and the fair value of any injunctive relief."[54] The stipulation is not dated and was filed on March 12, 2019, after the case was removed on March 6, 2019. The Fifth Circuit has explained with respect to affidavits regarding the amount-in-controversy:

> [P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal. Additionally, if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.[55]

In this case, the Court has found it is not facially apparent from the petition that the amount in controversy exceeds $75,000, and the Court's basis for jurisdiction at the time of removal is ambiguous. The Court may consider Plaintiff's affidavit.[56] A plaintiff's stipulation regarding the amount in controversy is binding "if, within that stipulation,

---

[54] R. Doc. 9-6.
[55] *Gebbia*, 233 F.3d at 883 (citations omitted).
[56] *See Guillory v. Chevron Stations, Inc.*, No. CIV.A. 03-2385, 2004 WL 1661201, at *1 (E.D. La. July 22, 2004) (considering plaintiff's post-removal stipulation when amount in controversy not facially apparent from complaint).

[he] expressly renounced his right to recover in excess of $75,000.00 in the event he was awarded above that amount in state court."[57] The affidavit or stipulation must be "a sworn, unrebutted affidavit indicating that the requisite amount in controversy was not present."[58]

Plaintiff did not seek money damages in his petition, and to the extent any would be awarded, Plaintiff stipulates he will not accept any award exceeding $74,999.99. David R. Paddison's post-removal stipulation is unsworn and is signed by David R. Paddison as the attorney in the case, not as the Plaintiff.[59] "[P]laintiff attorney affidavits that the amount in controversy is below [$75,000] do not automatically bind plaintiffs to such an amount."[60] David R. Paddison must sign the affidavit individually as the Plaintiff, before a notary public. The Court grants David R. Paddison leave to file a sworn affidavit as the Plaintiff in this case renouncing his right to any award exceeding $75,000 in value.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff David R. Paddison is **GRANTED LEAVE** to file a sworn affidavit as the Plaintiff in this case renouncing his right to any award exceeding $75,000 in value. The affidavit must be filed by no later than

---

[57] *McGlynn v. Huston,* 693 F. Supp. 2d 585, 593 (M.D. La. 2010). *See also Cummings*, 2015 WL 4772185, at *4; *Guidry v. Murphy Oil USA, Inc.*, No. 12-559-SDD-RLB, 2013 WL 4542433, at *7 (M.D. La. Aug. 27, 2013); *Printworks, Inc. v. Dorn. Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). *See also Latiolais v. Union Pacific R. Co.*, No. 6:14-2582, 2014 WL 6455595, at *2 (W.D. La. Nov. 12, 2014); *Smith v. State Farm Mut. Aut. Ins. Co.*, No. 09-6522, 2010 WL 3070399, at *2 (E.D. La. Aug. 3, 2010) ("Ambiguity over the amount in controversy was created by the pre-removal petition's allegation that the claims would likely exceed that amount. Through binding affirmative post-removal affidavits attached to the second remand motion, plaintiffs have met their burden of clarifying with legal certainty that their claims at the date of filing in state court are for less than the diversity jurisdictional amount. Therefore, remand is warranted.").
[58] *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)); *see also Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998).
[59] R. Doc. 9-6.
[60] *Printworks, Inc. v. Dorn Co.*, 869 F. Supp. 436, 440 (E.D. La. 1994).

**Monday, April 22, 2019 at 5:00 p.m.** Upon filing, the case will be remanded to the 22nd Judicial Court for the Parish of St. Tammany.

**New Orleans, Louisiana, this 16th day of April, 2019.**

_____*Susie Morgan*_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**